1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11    ANDRES C. HERNANDEZ,            No.  2:21-cv-01948 DB P

12              Plaintiff,

13       v.                       <u>ORDER</u>

14    PATRICK COVELLO, et al.,

15              Defendants.

16

17
      Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff

18
claims defendants were deliberately indifference to the risks presented by the COVID-19

19
pandemic in violation of plaintiff's Eighth Amendment rights.  Plaintiff also alleges defendants

20
were medically negligent.  Presently before the court is plaintiff's complaint for screening (ECF

21
No. 1), plaintiff's motion to proceed in forma pauperis (ECF No. 2), and plaintiff's motion for

22
extension of time (ECF No. 8).

23
      For the reasons set forth below, plaintiff's motion to proceed in forma pauperis will be

24
granted, the motion for extension of time will be denied, and the complaint will be dismissed with

25
leave to amend.

26
////

27
////

28
////

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**MOTION FOR EXTENSION OF TIME**

On December 20, 2021, plaintiff filed a motion or extension of time with the court.  (ECF No. 8.)  However, at the time this motion was filed, the complaint was awaiting screening by the court and plaintiff had no pending deadlines.  As such, the court will deny plaintiff's motion as moot and without prejudice to its renewal.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

2

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

5   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

6   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

7   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

8   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

9         However, in order to survive dismissal for failure to state a claim a complaint must

10   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

11   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

12   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

13   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

14   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

15   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16         The Civil Rights Act under which this action was filed provides as follows:

17

18             Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the deprivation
               of any rights, privileges, or immunities secured by the Constitution .

19             . . shall be liable to the party injured in an action at law, suit in equity,
               or other proper proceeding for redress.

20

21   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

24   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

25   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

26   an act which he is legally required to do that causes the deprivation of which complaint is made."

27   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

   ////

28

1       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

2   their employees under a theory of respondeat superior and, therefore, when a named defendant

3   holds a supervisorial position, the causal link between him and the claimed constitutional

4   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

5   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

6   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

7   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8       **II.    Linkage Requirement**

9       Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

10   that each defendant personally participated in the deprivation of his rights.  See Jones v.

11   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

12   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13   Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

14   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

15       Government officials may not be held liable for the actions of their subordinates under a

16   theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

17   Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

18   liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

19   violated the Constitution through his own individual actions by linking each named defendant

20   with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

21   Id. at 676.

22       **III.    Allegations in the Complaint**

23       Plaintiff states that, at all relevant times, he was a prisoner at Mule Creek State Prison

24   ("MCSP").  (ECF No. 1 at 1.)  Plaintiff names Warden Patrick Covello and MCSP Chief Medical

25   Officer S. Gates as defendants in this action.  (Id. at 2.)

26       The complaint contains the following allegations: On February 22, 2020, plaintiff

27   contracted COVID-19.  (Id. at 9.)  On an unstated date prior, plaintiff was placed in a cell with

28   five other individuals.  (Id. at 8.)  As a result, plaintiff was unable to "socially distance" from

other inmates.  (Id.)  Plaintiff contacted defendant Covello and his staff asking to be placed "somewhere he would be safe from contracting COVID-19" due to his "high risk" status.  (Id. at 9.)  Before plaintiff could receive a response to his request, he contracted COVID-19.  (Id.)  This resulted in plaintiff being hospitalized "with acute myocardial infarction, pneumonia (COVID-19 pneumonia), p. embolism, and C.O.P.D. attack."  (Id.)

Plaintiff alleges that defendants were aware of the danger presented to inmates by the COVID-19 pandemic as a result of "CDCR 'memos' from Secretary, Ralph Diaz/Kate Allison." (Id. at 8.)  Plaintiff claims that defendants were deliberately indifferent to plaintiff's serious medical need as they were aware of the risk to inmate health.  (Id. at 10-11.)  Plaintiff also claims defendants were "medically negligent" under California state law by failing to update his medical record so that plaintiff would be placed in a facility "consistent with his medical diagnosis of disabled [sic]."  (Id. at 16.)  Plaintiff seeks $800,000 in monetary damages from defendants.  (Id. at 6.)

### IV.    Does Plaintiff State a Claim under § 1983?

#### A. Eighth Amendment – Medical Needs

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

#### 1. Legal Standards for Medical Needs Claims

If a prisoner's Eighth Amendment claim arises in the context of medical care, including mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059

1   (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

2   Cir. 1997) (en banc).

3          A medical need is serious "if the failure to treat the prisoner's condition could result in

4   further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974

5   F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

6   "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

7   at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

8   objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

9   825, 834 (1994).

10         If a prisoner establishes the existence of a serious medical need, he must show that prison

11  officials responded to the serious medical need with deliberate indifference.  See Id. at 834.  In

12  general, deliberate indifference may be shown when prison officials deny, delay, or intentionally

13  interfere with medical treatment, or may be shown by the way in which prison officials provide

14  medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

15         Before it can be said that a prisoner's civil rights have been abridged with regard to

16  medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

17  'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

18  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

19  Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

20  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

21  Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

22  mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

23  the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

24         Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

25  at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

26  plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

27  Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

28  Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

6

1    200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

2    1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

3    provide additional support for the inmate's claim that the defendant was deliberately indifferent to

4    his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

5            Finally, mere differences of opinion between a prisoner and prison medical staff or

6    between medical professionals as to the proper course of treatment for a medical condition do not

7    give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

8    332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

9    F.2d 1337, 1344 (9th Cir. 1981).

10                       **2.  Analysis of Medical Needs Claim**

11           Numerous courts have found that there exists a substantial risk of serious harm presented

12   by COVID-19.  See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. 2020); Coleman v.

13   Newsom, 455 F.Supp.3d 926, 933 (E.D. Cal. Apr. 4, 2020); Kuykendall v. Superior Ct. of

14   California, No. 2:20-cv-1590 KJN P, 2020 WL 6582163, at *3 (E.D. Cal. Nov. 10, 2020);

15   Burgess v. Newsom, No. 1:21-cv-00077 SAB, 2021 WL 4061611, at *2 (E.D. Cal. Sep. 7, 2021).

16   As such, the complaint satisfies the objective prong of an Eighth Amendment claim.  Farmer, 511

17   U.S. at 834.  However, plaintiff fails to allege sufficient facts to satisfy the subjective prong.

18           The subjective prong of a medical needs claim requires that plaintiff show that defendants

19   were deliberately indifferent in responding to plaintiff's serious medical needs.  Id.  The

20   complaint seeks to satisfy this requirement by alleging that defendants were made aware of the

21   risk of COVID-19 and failed to house inmates in such a way to prevent this harm.  (ECF No. 1 at

22   8-9.)  Plaintiff also claims that he later filed an appeal seeking to be moved but became sick

23   before he could get a response.  (Id. at 9.)  These allegations are insufficient to establish

24   deliberate indifference by the defendants.

25           Plaintiff's claims only show that plaintiffs who were in an administrative or supervising

26   role had broad knowledge that a risk of harm existed to prisoners generally.  A generalized claim

27   that defendants have not done enough to permit social distancing in prisons is insufficient to

28   establish the more culpable state of mind of deliberate indifference.  Martinez v. Sherman, No.

                                                    7

1:21-cv-01319-BAM, 2022 WL 126054, at *6 (E.D. Cal. Jan. 13, 2022) ("[p]laintiff must provide more than generalized allegations that the warden has not done enough regarding masking or prison movement or housing assignment to control the spread")  (citing Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020), Blackwell v. Covello, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021), McKissick v. Gastelo, No. 2:21-cv-01945-VAP (MAA), 2021 WL 2895679, at *5 (C.D. Cal. Jul. 9, 2021), and Foster v. Shirley, 2021 WL 2457655, at *3 (E.D. Cal. June 16, 2021).)  Plaintiff does indicate he attempted to inform the defendants of the risk of harm that existed.  (ECF No. 1 at 9.)  However, plaintiff admits that defendants did not have the opportunity to respond and address plaintiff's concerns before the harm occurred.  (Id.)  As such, this also fails to show deliberate indifference by defendants to a particular substantial risk of harm to plaintiff.

Given the above, plaintiff has failed to allege sufficient facts to state a deliberate indifference claim as defendants.  As plaintiff may be able to state a claim, he will be given the opportunity to file an amended complaint.

## B.  State Law Negligence Claim

The complaint also contains a claim that defendants were "medically negligent" under California state law for failing to place plaintiff "in a facility consistent with his medical condition(s)"[1] and for not timely updating plaintiff's medical records.  (ECF No. 1 at 15.)  The court can only exercise supplemental jurisdiction over state claims where the action also contains valid federal law claims.  28 U.S.C. § 1367.  As it was found above that plaintiff has failed to allege sufficient facts to state a cognizable claim and there are no other valid federal law claims, the court cannot exercise supplemental jurisdiction over this claim.  As plaintiff will be permitted to amend the complaint, he may include any appropriate claims or defendants in the amended complaint.

---

[1] In the complaint, plaintiff cites a case, Finklestein v. District of Columbia, 593 A.2d 591 (1991), which is concerned with a cause of action created by the District of Columbia Code.  It does not appear that this would be applicable to plaintiff who is a prisoner in the state of California or defendants as employees of the state of California.  The court need not reach this issue as plaintiff has not stated a federal law claim.  However, should plaintiff seek to amend his complaint, he should ensure that that any claims stem from applicable law.

**AMENDING THE COMPLAINT**

As set forth above, plaintiff has failed to allege sufficient facts to state a claim.  However, plaintiff will be given the opportunity to file an amended complaint.  If plaintiff files an amended complaint, any amended complaint must be complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; <u>cf.</u> Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms.  <u>See</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of San Diego County filed concurrently herewith.

3.  Plaintiff's motion for extension of time (ECF No. 8) is denied as moot.

4.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

5.  Plaintiff is granted forty-five days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  May 2, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/hern1948.scrn.lta