UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES C. HERNANDEZ,<br><br>      Plaintiff,<br><br>      v.<br><br>PATRICK COVELLO, et al.,<br><br>      Defendants. | No.  2:21-cv-01948 DB P<br><br><br><br>ORDER |

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants were deliberately indifferent to the risks presented by the COVID-19 pandemic in violation of plaintiff's Eighth Amendment rights. Plaintiff also brings a state law claim against defendants for negligence. Presently before the court is plaintiff's First Amended Complaint ("FAC") for screening. (ECF No. 11.)

For the reasons set forth below, plaintiff will be directed to provide notice of how he wishes to proceed.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A

1  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
2  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform
3  an act which he is legally required to do that causes the deprivation of which complaint is made."
4  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5  Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
6  their employees under a theory of respondeat superior and, therefore, when a named defendant
7  holds a supervisorial position, the causal link between him and the claimed constitutional
8  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
9  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
10 concerning the involvement of official personnel in civil rights violations are not sufficient.  See
11 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Id. at 676.

**III.    Allegations in the Complaint**

Plaintiff states that, at all relevant times, he was a prisoner at Mule Creek State Prison ("MCSP").  (ECF No. 11 at 1.)  Plaintiff names Warden Patrick Covello and MCSP Chief

Medical Officer S. Gates as defendants in this action. (Id. at 2.) Plaintiff also names "Nurses (unknown names)" and "Docters [sic] (unknown names)" as defendants. (Id.)

The complaint contains the following allegations: Plaintiff contracted COVID-19 on December 8, 2020. (Id. at 10.) This occurred as a result of transfers from North Kern State Prison to MCSP in November of 2020. (Id. at 9.) At the time, plaintiff was housed with five other individuals from whom he could not socially distance due to the size of the cell. (Id. at 11.) Due to his diagnoses of Systemic Lupus Erythematosus ("SLE"), Type II diabetes, and asthma, plaintiff was considered a "high risk medical" for contracting COVID-19. (Id. at 9.) On September 9, 2020, plaintiff submitted an "Emergency Inmate Appeal" directly to defendant Covello requesting that he be moved to a separate cell in order to protect his health. (Id. at 13-14.) Defendant had the authority to move plaintiff to a "'safe and convenient' place pursuant to Government Code 8658[.]" (Id. at 14.) Defendant Covello did not respond to plaintiff's request within the thirty days "legally required by California Code of Regulations." (Id. at 14-15.) Plaintiff also claims that he was told he could not be sent to a hospital as defendant Covello had ordered inmates not be sent to the hospital until they showed severe symptoms. (Id. at 19-20.)

Plaintiff claims that after he contracted COVID-19, "[he] suffered and indured [sic] chest pain from Acute Myocardial infarction, Covid-19 pneumonia, and pulmonary embolism." (Id. at 10.) As a result of the above, plaintiff claims that his Eighth Amendment rights were violated as defendants were deliberately indifferent to his medical needs. (Id. at 3.) Plaintiff also claims that defendants were medically negligent in violation of California Government Code 945.6. (Id. at 4.) Plaintiff seeks eight-hundred thousand dollars ($800,000.00) in compensatory damages plus an unstated amount of punitive damages. (Id. at 6.)

**IV.    Does Plaintiff State a Claim under § 1983?**

    **A.  Eighth Amendment – Medical Needs**

        **1.  Legal Standard**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986);

4

1  Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
2  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy
3  and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited
4  by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.
5       If a prisoner's Eighth Amendment claim arises in the context of medical care, including
6  mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to
7  evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth
8  Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and
9  the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059
10 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th
11 Cir. 1997) (en banc).
12      A medical need is serious "if the failure to treat the prisoner's condition could result in
13 further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974
14 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include
15 "the presence of a medical condition that significantly affects an individual's daily activities." Id.
16 at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the
17 objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S.
18 825, 834 (1994).
19      If a prisoner establishes the existence of a serious medical need, he must show that prison
20 officials responded to the serious medical need with deliberate indifference. See Id. at 834. In
21 general, deliberate indifference may be shown when prison officials deny, delay, or intentionally
22 interfere with medical treatment, or may be shown by the way in which prison officials provide
23 medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).
24      Before it can be said that a prisoner's civil rights have been abridged with regard to
25 medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,'
26 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter
27 Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also
28 Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**1. Analysis**

Plaintiff seeks to bring a medical needs claim based on the injuries he allegedly suffered after contracting COVID-19.

Many courts have found that there exists a substantial risk of serious harm presented by COVID-19. See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. 2020); Coleman v. Newsom, 455 F.Supp.3d 926, 933 (E.D. Cal. Apr. 4, 2020); Kuykendall v. Superior Ct. of California, No. 2:20-cv-1590 KJN P, 2020 WL 6582163, at *3 (E.D. Cal. Nov. 10, 2020); Burgess v. Newsom, No. 1:21-cv-00077 SAB, 2021 WL 4061611, at *2 (E.D. Cal. Sep. 7, 2021). As such, the complaint satisfies the objective prong of an Eighth Amendment claim. Farmer, 511 U.S. at 834.

Plaintiff seeks to satisfy the subjective prong by establishing that defendants were deliberately indifferent as they knew COVID-19 presented health risks, permitted other inmates to transfer to MCSP, and did not give inmates space to socially distance. These generalized claims are insufficient to establish the more culpable state of mind of deliberate indifference. See Martinez v. Sherman, No. 1:21-cv-01319-BAM, 2022 WL 126054, at *6 (E.D. Cal. Jan. 13, 2022) ("[p]laintiff must provide more than generalized allegations that the warden has not done enough regarding masking or prison movement or housing assignment to control the spread") (citing Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020), Blackwell v. Covello, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021), McKissick v. Gastelo, No. 2:21-cv-01945-VAP (MAA), 2021 WL 2895679, at *5 (C.D. Cal. Jul. 9, 2021), and Foster v. Shirley, 2021 WL 2457655, at *3 (E.D. Cal. June 16, 2021).)

Plaintiff also makes a number of allegations regarding defendant Covello's deliberate indifference. Plaintiff states that he informed defendant Covello that his medical history put him at a high risk of injury were he to contract COVID-19. (ECF No. 11 at 13-14.) Plaintiff claims that he did this by submitting an emergency inmate appeal directly to defendant Covello but that defendant Covello did not respond to plaintiff's request in a timely manner.[1] (Id.)

These facts, as alleged, are at least minimally sufficient to state an Eighth Amendment deliberate indifference claim against defendant Covello. Defendant Covello may not be held liable under a theory of respondeat superior. Iqbal, 556 U.S. at 676. That said, plaintiff's claim here appears to not be that defendant Covello was liable as a supervisor, but that he was personally aware of plaintiff's serious medical need and acted with deliberate indifference to that need. In combination with the allegations in the FAC, plaintiff has alleged sufficient facts to state

////

---

[1] Plaintiff also claims that defendant's failure to timely respond violated California prison regulations. (See ECF No. 11 at 14-15.) As written in the FAC, it appears plaintiff includes this allegation as a supporting factual allegation to his claim of deliberate indifference. However, to the extent plaintiff wishes to bring this as a separate claim, it is not cognizable as plaintiff is not constitutionally entitled to a specific grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)).

an Eighth Amendment medical needs claim against defendant Covello for the purposes of screening.

Plaintiff includes defendant Gates and other unnamed doctors and nurses as defendants in the FAC.  However, plaintiff has not included any factual allegations as to these defendants beyond the general claims discussed above.  As such, the allegations against these defendants do not satisfy the linkage requirement and do not state a cognizable claim.

As some of the claims in the FAC are cognizable and some are not, plaintiff will be given the option to proceed on his cognizable claims or be given leave to amend.  To proceed on his cognizable claims, plaintiff must dismiss all other claims and defendants.

### B. State Law Negligence Claim

Plaintiff also claims that defendants are liable for "medical negligence/medical malpractice" under California state law.  (ECF No. 11 at 19.)  However, plaintiff has not pled compliance with the California Government Claims Act ("GCA"), which requires filing a claim with the California Victim's Compensation Government Claim Board prior to filing a lawsuit against a state employee or entity.  Cal. Gov't Code §§ 905.2, 911.2, 945.2, 950.2; Munoz v. California, 33 Cal.App.4th 1767, 1776 (1995).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004);  Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

Thus, in order to state a tort claims against a public employee, plaintiff must allege compliance with the GCA and if he failed to comply, he may not bring any state law tort claims in this action, regardless of the merits of those claims. Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well.  Karim-Panahi, 839 F.2d at 627. Plaintiff's purported state law negligence claim must be dismissed with leave to amend for failure to allege compliance with the GCA.

## AMENDING THE COMPLAINT

As set forth above, plaintiff has alleged sufficient facts to state a cognizable claim against defendant Covello on screening. However, plaintiff has failed to state any other claims against defendant Covello or any other defendant. Plaintiff will be given the option to proceed on his cognizable claim or be given leave to file an amended complaint. If plaintiff elects to file an amended complaint, any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint states a cognizable Eighth Amendment medical needs claim against defendant Patrick Covello
2. The complaint fails to state any other cognizable claims or defendants.
3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
4. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed.  Plaintiff may use the form included with this order for this purpose.
5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  January 13, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/hard0922.scrn_not

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES C. HERNANDEZ,<br><br>              Plaintiff,<br><br>    v.<br><br>PATRICK COVELLO, et al.,<br><br>              Defendants. | No.  2:21-cv-01948 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed immediately on his Eighth Amendment deliberate indifference to medical needs claim against defendant Patrick Covello.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_   Plaintiff wants to amend the complaint.

DATED:_____

                                                                    Andres C. Hernandez<br>
                                                                    Plaintiff pro se