1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANDRES C. HERNANDEZ,                    No.  2:21-cv-1948 DB P

12              Plaintiff,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14    PATRICK COVELLO, et al.,

15              Defendants.

16

17        Plaintiff filed this action as a state prisoner proceeding pro se and in forma pauperis with a

18    civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 and 2.)  Since filing this action

19    plaintiff is no longer incarcerated.  (ECF Nos. 7, 18, 26, 29.) Plaintiff claims prison officials

20    failed to provide him with safe living conditions in violation of the Eighth Amendment.  (ECF

21    No. 11.)  Presently before the court is defendant's fully briefed motion to dismiss.  For the

22    reasons set forth below the court will recommend that the motion to dismiss be denied.

23                              **BACKGROUND**

24    **I.       Relevant Procedural History**

25        Plaintiff initiated this action by filing the original complaint on October 20, 2021.  (ECF

26    No. 1.)  The court screened and dismissed the original complaint for failure to state a claim.

27    (ECF No. 9.)  Thereafter, plaintiff filed the First Amended Complaint ("FAC").  (ECF No. 11.)

28    The court determined the FAC stated a cognizable Eighth Amendment claim against defendant

                                          1

1   Covello.  (ECF No. 12 at 10.)  For all other claims articulated in the FAC plaintiff was given the

2   option to proceed on the cognizable claim or amend his complaint.  (Id.)  The order further

3   directed plaintiff to complete and return a form indicating his choice.  (Id. at 11.)  Plaintiff elected

4   to proceed immediately, voluntarily dismissing all other claims and defendants.  (ECF No. 13.)

5   Following service, the court referred this action to the Post-Screening ADR (Alternative Dispute

6   Resolution) Pilot Program.  (ECF No. 22.)

7         Defendant Covello requested to opt out of the ADR program.  (ECF No. 27.)  The court

8   granted the request and directed defendant to file a responsive pleading.  (ECF No. 28.)

9   Defendant Covello filed the instant motion to dismiss.  (ECF No. 30.)  Plaintiff filed his

10   opposition (ECF No. 33), and defendant Covello filed his reply.  (ECF No. 36.)

11         **II.         Allegations in the Operative Complaint**

12         Plaintiff states that, at all relevant times, he was a prisoner at Mule Creek State Prison

13   ("MCSP").  (FAC at 1.)  Plaintiff named Warden Patrick Covello as a defendant in this action.

14   (Id. at 2.)  Plaintiff claims defendant Covello violated his Eighth Amendment rights as defendant

15   Covello was deliberately indifferent to his medical needs.  (Id. at 3.)   Plaintiff asserts he

16   contracted COVID-19 on December 8, 2020.  (Id. at 10.)  Plaintiff alleges he contracted COVID-

17   19 due to inmates that were transferred from North Kern State Prison to MCSP the month prior.

18   (Id. at 9.)  Plaintiff asserts that at that time he was housed with five other individuals, and he was

19   unable to social distance from them due to the size of the cell.  (Id. at 11.)  In plaintiff's FAC he

20   indicates he was high risk for contracting COVID-19 due to his diagnoses of Systemic Lupus

21   Erythematosus ("SLE"), Type II diabetes, and asthma.  (Id. at 9.)  Plaintiff alerted defendant

22   Covello to his high-risk status when he submitted an "Emergency Inmate Appeal" directly to

23   defendant Covello on September 9, 2020.  (Id. at 13-14.)  Further, in his appeal directly to

24   defendant, plaintiff requested to be moved to a separate cell to protect his health.  (Id. at 13-14.)

25   After contracting COVID-19, plaintiff asserts he "suffered and indured [sic] chest pain from

26   Acute Myocardial infarction, Covid-19 pneumonia, and pulmonary embolism."  (Id. at 10.)

27   ////

28   ////

2

**MOTION TO DISMISS**

**I.     Defendant's Arguments in Support of Motion to Dismiss**

Defendant argues that plaintiff has failed to state an Eighth Amendment claim for relief against defendant.  (ECF No. 30-1 at 4.)[1]  Additionally, defendant argues he is entitled to qualified immunity against plaintiff's claim as it was not clearly established that defendant could violate plaintiff's "constitutional rights by receiving and rejecting or not responding to his grievance." (ECF No. 30-1 at 9.)

**II.    Plaintiff's Opposition**

In opposition to defendant's arguments that this action should be dismissed as frivolous plaintiff claims that he has "put forth enough evidence to establish a 'legitimate gripe' against the defendant . . . ." (ECF No. 33 at 1.)  In his argument plaintiff asserts support is in "exhibit a", the FAC does not have an "exhibit a", therefore the undersigned infers plaintiff is directing the undersigned to the attached pages after the form in the FAC.  Further, plaintiff's opposition requests additional relief which has been addressed in the undersigned's January 22, 2024 order. (ECF Nos. 33 and 38.)

**III.   Defendant's Reply**

Defendant submitted a reply to plaintiff's opposition on January 3, 2024.  (ECF No. 36.) Defendant asserts that plaintiff's opposition does not address the arguments raised in their motion.  (Id. at 1.)  Defendant asserts that plaintiff fails to address the authority articulated in defendant's motion.  (Id. at 1.)  Further, defendant asserts plaintiff fails to address defendant's claim of qualified immunity and states the court should treat such failure as plaintiff conceding this defense.  (Id. at 2.)

////

////

---

[1] Defendant asserts the court found "on an initial screening under 28 U.S.C. § 1915A(a), Plaintiff stated a potentially cognizable Eighth Amendment medical needs against Warden Covello." (ECF No. 30 at 4 citing ECF No. 12.)  This is an incorrect recitation of the courts finding. The court found "Plaintiff's complaint states a cognizable Eighth Amendment medical needs claim against defendant Patrick Covello" (ECF No. 12.).

1

**LEGAL STANDARDS**

2

**I.      Rule 12(b)(6) Motions to Dismiss**

3          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for

4    "failure to state a claim upon which relief can be granted."  "To survive a motion to dismiss, a

5    complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

6    plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v.

7    Twombly, 550 U.S. 554, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

8    factual content that allows the court to draw the reasonable inference that the defendant is liable

9    for the misconduct alleged."  Id.  The court must accept as true the allegations of the complaint,

10   Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading

11   in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  A pro se

12   complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic

13   recitation of the elements of a cause of action, supported by mere conclusory statements."  Iqbal,

14   556 U.S. at 678.

15         A motion to dismiss for failure to state a claim should not be granted unless it appears

16   beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

17   entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.

18   Gibson, 355 U.S. 41, 45-46 (1957)).  Pro se pleadings are held to a less stringent standard than

19   those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium).  The court

20   must give a pro se litigant leave to amend his complaint "unless it determines that the pleading

21   could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122,

22   1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  However,

23   the court's liberal interpretation of a pro se complaint may not supply essential elements of the

24   claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.

25   1982).  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally

26   consider only allegations contained in the pleadings, exhibits attached to the complaint, and

27   matters properly subject to judicial notice.'"  Outdoor Media Grp., Inc. v. City of Beaumont, 506

28   F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

1    **II.      Eighth Amendment – Deliberate Indifference**

2          The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

3    Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

4    punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

5    Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

6    Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

7    and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

8    by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

9          If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner

10    must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference

11    to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has

12    two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

13    response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

14    other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

15          A medical need is serious "if the failure to treat the prisoner's condition could result in

16    further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974

17    F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

18    "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

19    at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

20    objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

21    825, 834 (1994).

22          If a prisoner establishes the existence of a serious medical need, he must then show that

23    prisoner officials responded to the serious medical need with deliberate indifference.  See Id. at

24    834.  In general, deliberate indifference may be shown when prison officials deny, delay, or

25    intentionally interfere with medical treatment, or may be shown by the way in which prison

26    officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.

27    1988).

28    ////

1   Before it can be said that a prisoner's civil rights have been infringed upon with regard to

2   medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

3   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

4   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

5   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

6   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

7   Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

8   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

9   the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

10   Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

11   at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

12   plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

13   Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

14   Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

15   200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

16   1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

17   provide additional support for the inmate's claim that the defendant was deliberately indifferent to

18   his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

19                                              **ANALYSIS**

20   **I.      Eighth Amendment**

21   Plaintiff brings a medical needs claim anchored in the injuries he alleges he suffered after

22   contracting COVID-19 on December 8, 2020.  (ECF No. 11 at 10.)  Courts have found that there

23   exists a substantial risk of serious harm presented by COVID-19.  See Coleman v. Newsom, 455

24   F.Supp.3d 926, 933 (E.D. Cal. Apr. 4, 2020); Plata v. Newsom, 445 F. Supp.3d 557, 559 (N.D.

25   Cal. Apr. 17 2020); Kuykendall v. Superior Ct. of California, No. 2:20-cv-1590 KJN P, 2020 WL

26   6582163, at *3 (E.D. Cal. Nov. 10, 2020); Burgess v. Newsom, No. 1:21-cv-00077 SAB, 2021

27   WL 4061611, at *2 (E.D. Cal. Sep. 7, 2021).  As such, the complaint satisfies the objective prong

28   of an Eighth Amendment claim.  Farmer, 511 U.S. at 834.

1          Plaintiff addresses the subjective prong when he states that he informed defendant Covello

2    his medical history and conditions put him at high risk of injury should he contract COVID-19.

3    (ECF No. 11 at 13-14.)  Plaintiff asserts he notified defendant Covello through his submission of

4    an emergency inmate appeal directly to defendant Covello which was not responded to until

5    January 2021, four months later.  (ECF No. 11 at 12-13, 15.)

6          As articulated above when examining a Rule 12(b)(6) motion the court must accept as true

7    the allegations of the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

8    (1976), and construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen,

9    395 U.S. 411, 421 (1969).  Therefore, plaintiff's assertions that defendant Covello was personally

10   aware of plaintiff's serious medical need through the emergency inmate appeal, and defendant

11   Covello did not respond to the appeal until after plaintiff had contracted COVID-19.

12         The thrust of defendant Covello's argument regarding the eighth amendment portion of

13   the FAC is that making an administrative determination alone on an administrative complaint is

14   not sufficient for personal liability.  (ECF No. 20-1 6-7.)  Defendant Covello relies on Thomas v.

15   Matevousian, 2018 WL 1452261, No. 1:17-cv-1592 AWI GSA PC, (E.D. Cal. Mar. 21, 2018)

16   and asserts that "actions in reviewing a prisoner's administrative appeal generally cannot serve as

17   the basis for liability in a section 1983 action."  Thomas was speaking about a due process claim

18   and specifically discussing the administrative remedies process.  2018 WL 1452261 *8-9.  Here

19   Plaintiff's FAC has been limited to the Eighth Amendment medical claim and is not evaluating if

20   a due process claim has been pled.  Further, Thomas goes on to state "Only persons who cause or

21   participate in the violations are responsible.  Ruling against a prisoner on an administrative

22   complaint does not cause or contribute to the violation."  Id. citing Greeno v. Daley, 414 F.3d

23   645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed

24   v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.

25   1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 U.S. Dist. LEXIS 24109, 2017

26   WL 698318, at *4-5 (E.D. Cal. Feb. 21, 2017).  In the case at bar, plaintiff's claim is not using the

27   ruling or the failure to rule on his administrative complaint as the foundation of a violation but to

28   ////

7

1    show that defendant Covello knew plaintiff's medical information and conditions that put him at

2    high risk due to COVID.

3         Defendant further argues that the assertion defendant was "on notice" of Plaintiff's

4    medical conditions before he contracted COVID-19 is insufficient to demonstrate defendant was

5    "aware of a substantial risk of serious harm to Plaintiff from COVID-19 and that he consciously

6    disregarded that risk knowing Plaintiff could get COVID.  (ECF No. 30-1 at 7.)  Defendant

7    argues that assertions that a supervisory defendant were advised or of should have known are not

8    sufficient under Iqbal to support claims for deliberate indifference or supervisory liability. (ECF

9    No 30-1 at 5.)  Here, plaintiff's claim is not against defendant Covello for a failure to supervise,

10   but directly, therefore supervisory liability is not at issue.  Further, plaintiff is not merely

11   asserting defendant Covello was advised of the issue in a vague or unclear manner.  Plaintiff's

12   FAC articulates defendant Covello was directly informed by plaintiff his medical history and

13   conditions put him at high risk of injury due to COVID-19, the mechanism plaintiff used to notify

14   defendant Covello, and the time in which the notification was to be reviewed.  (ECF No. 11 at 12-

15   13, 15.) Therefore, plaintiff has successfully stated a claim against defendant Covello.

16   **II.    Qualified Immunity**

17        The defense of qualified immunity protects government officials from liability for civil

18   damages as long as their conduct does not violate clearly established constitutional or statutory

19   rights of which a reasonable official would have known. Pearson v. Callahan, 555 U.S. 223, 231

20   (2009), Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "The protection of qualified immunity

21   applies regardless of whether the government official's error is a mistake of law, a mistake of

22   fact, or a mistake based on mixed questions of law and fact." Pearson, 555 U.S. at 231 (internal

23   citations and internal quotations omitted).

24        Qualified immunity is an affirmative defense that must be raised by the defendant.

25   Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993).  It protects government officials from

26   liability for civil damages "insofar as their conduct does not violate clearly established statutory

27   or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at

28   818.  "Where a defendant presents a qualified immunity defense in a Rule 12(b)(6) motion,

8

1    'dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified

2    immunity applies.'"  Romero v. County of Washoe, 602 Fed.App'x. 408, 409 (9th Cir. 2015)

3    (quoting Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001)).

4            The first step when evaluating a qualified immunity defense is to inquire if there is a

5    clearly established constitutional right.  Saucier v. Katz, 533 U.S. 194 (2001).  Here, defendant

6    Covello frames his argument asserting plaintiff's claim is for the "failure to review or denial of an

7    inmate's grievance regarding COVID risks to health would violate his Eighth Amendment rights"

8    and such failure is not a clearly established right.  (ECF No. 30-1 at 7-8.)  However, as articulated

9    above the grievance and lack of response is not what is at issue. The grievance articulates that

10   plaintiff's alleged medical risks were higher than the average inmate, and defendant Covello was

11   informed of such risks. The case at bar is addressing an Eighth Amendment medical claim

12   regarding plaintiff's heightened risks and exposure to a serious easily communicable disease.

13   There is law clearly establishing that individuals in government custody "'have a constitutional

14   right to be protected against a heightened exposure to serious, easily communicable diseases,' and

15   found that such 'clearly established right extends to protection from COVID-19.'"  Bennet v.

16   Burton, No. 2:21-cv-1340 WNS KJN P 2023 WL 2993016 *22 (E.D. Cal. Apr. 18, 2023) quoting

17   Jones v. Sherman, 2022 WL 783452, at *10 (E.D. Cal. Mar. 11, 2022), report and

18   recommendation adopted, 2022 U.S. Dist LEXIS 166064 (E.D. Cal. Sept. 14, 2022).  The

19   undersigned finds this reasoning persuasive.

20           The complaint sufficiently alleges that defendant Covello knew plaintiff was of

21   heightened risk, he was in a confined space where he could not socially distance, and inmate

22   transfers were happening, and defendant Covello did nothing resulting in plaintiff contracting

23   COVID-19.  (FAC 12-13, 15.)  Therefore, dismissal is not appropriate as it cannot be determined

24   based on the complaint alone that qualified immunity would apply.

                                              **CONCLUSION**

26           IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 30) be

27   denied.

28   ////

                                                    9

1    The Clerk of the Court is ORDERED to randomly assign this action to a United States

2  District Judge.

3    These findings and recommendations will be submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  The document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8  objections shall be filed and served within fourteen days after service of the objections.  The

9  parties are advised that failure to file objections within the specified time may result in waiver of

10  the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11   Dated: February 15, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/prisoner-civil rights/hern1948.mtd.f&rs

10