UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES C. HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, et al.,<br><br>Defendants. | No.  2:21-cv-01948-WBS-DB<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Defendant Covello has moved for dismissal of the First Amended Complaint.

On February 15, 2024, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days.  Defendant Covello, the only remaining defendant, filed objections to the findings and recommendations, which recommended that the motion to dismiss be denied.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper

1

analysis. Specifically, the court agrees that, taking the allegations of the First Amended Complaint as true, defendant Covello was personally made aware of plaintiff's medical history and high risk of injury to COVID-19 through plaintiff's submission of an emergency inmate appeal submitted directly to defendant Covello on September 9, 2020, and defendant Covello did not respond to the appeal until four months later, after plaintiff had contracted COVID-19. Thus, plaintiff is not merely alleging that defendant is responsible for an administrative determination or for failure to supervise. See, e.g., Jones v. Sherman, 1:21-cv-1093 DAD EPG, 2022 WL 783452, at *10 (E.D. Cal. Mar. 11, 2022) (prisoner states cognizable Eighth Amendment claim where the prisoner sufficiently alleges that a defendant knew of the risks of COVID-19 and had authority to mitigate the risks and did nothing to mitigate those risks). Cf. Phillips v. Borders, No. EDCV 16-01568-MWF (JDE), 2018 WL 4674593, at *6 (C.D. Cal. June 28, 2018) (vague allegations that warden was aware of plaintiff's complaints and appeals, without identification of specific complaints or serious medical conditions brought to warden's attention, did not sufficiently allege the warden acted with deliberate indifference).

Moreover, the court agrees that it is clearly established that individuals in government custody have a constitutional right to be protected against a heightened risk of exposure to serious and easily communicable diseases, including COVID-19. See Bennett v. Burton, No. 2:21-cv-1340 WBS KJN, 2023 WL 2993016, at *8 (E.D. Cal. Apr. 18, 2023); Jones, 2022 WL 783452, at *12. Therefore, the court will not dismiss the First Amended Complaint based on qualified immunity.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Covello's Objections (Docket No. 41) are OVERRULED and the findings and recommendations (Docket No. 40) are adopted in full; and

2. Defendant Covello's Motion to Dismiss (Docket No. 30) is DENIED.

Dated: April 4, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE