UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES C. HERNANDEZ, | No.  2:21-cv-01948-WBS-SCR P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, | |
| Defendant. | |

Plaintiff Andres C. Hernandez, a former state inmate, filed this action while in custody. Since filing this action, plaintiff has been released from prison. Plaintiff proceeds pro se and in forma pauperis under 42 U.S.C. § 1983. The parties' discovery-related motions are before the court. For the reasons set forth below, plaintiff's motion for an extension of time is granted in part and defendant's motion to compel is denied without prejudice to renewal. Plaintiff is cautioned that further requests for extensions of time will require a showing of diligence.

**I.      Background**

Plaintiff's operative first amended complaint brings a serious medical needs claim under the Eighth Amendment against defendant Patrick Covello. (ECF No. 11.) Under the court's scheduling order issued on May 14, 2024, fact discovery closed on September 13, 2024. (ECF No. 46.) The parties' discovery-related motions are before the court.

////

1

1  Defendant served the discovery requests at issue on plaintiff on May 23, 2024. (ECF No.
2  49 at 3.) Plaintiff's responses were due within 45 days under the court's discovery and scheduling
3  order. Defendant did not receive responses and did not receive a response from plaintiff to a meet
4  and confer letter. (Id. at 4.)

5  On August 8, 2024, plaintiff filed a motion requesting an extension of time for "discovery
6  purposes" and, more specifically, "to be able to produce the record" for defendant. (ECF No. 48.)
7  Plaintiff sates all records in his possession were recently stolen. (Id. at 1.) Defendant opposed
8  plaintiff's motion for an extension of time, arguing the request failed to specify the deadline for
9  which plaintiff seeks an extension, failed to specify the amount of additional time needed, and
10 failed to show plaintiff's diligence. (ECF No. 50.) Plaintiff filed a reply. (ECF No. 51.)

11 On August 14, 2024, defendants filed a motion (1) seeking to compel plaintiff to respond
12 to defendant's discovery outstanding discovery requests, (2) arguing the requests to admit are
13 deemed admitted, and (3) requesting a modification of the scheduling order extending time for
14 defendant to complete discovery and file dispositive motions. (ECF No. 49.) Plaintiff filed an
15 opposition to the motion and defendant filed a reply. (ECF No. 51, 52.)

16 **II.     Discussion**

17 The discovery served by defendant consists of Requests for Production of Documents Set
18 One, First Set of Interrogatories, and First Set of Requests for Admissions, served on May 23,
19 2024. (ECF No. 49 at 3.) In plaintiff's combined response[1] to the motion to compel and reply to
20 his motion for extension of time, plaintiff argues he recently had multiple hardships including
21 health issues, "theft of his entire file of documents pertaining to this civil matter" and four
22 hospitalizations in the prior month which prevented plaintiff from responding to discovery
23 requests "that may have been served to this plaintiff." (ECF No. 51 at 3.) Plaintiff asks the court
24 for "enough time reasonable to retrieve all personal records needed to continue this civil
25 matter…." (ECF No. 51 at 4.)
26 ////

---

[1] Plaintiff's opposition was untimely filed. In this instance, the court will accept the late-filed opposition and consider its contents.

Good cause appearing, the court will grant plaintiff an extension of time up to and including 30 days from the day of service of this order to respond to the discovery defendant served on May 23, 2024. However, plaintiff is cautioned that further extensions of time for this purpose will require a much more detailed showing of good cause than plaintiff has given in this instance. Specifically, if plaintiff seeks further extensions of time on the ground that plaintiff does not have his records, plaintiff must explain in detail the actions he has taken to obtain or replace those records in order to establish his diligence. If plaintiff seeks a further extension of time for illness or another reason, plaintiff must explain in detail how his illness or the other reason rendered him unable to respond to discovery. The court will not look favorably on a request for extension of time made after the deadline has passed and the court may deny such a request on that ground, having given this warning.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion for an extension of time for discovery purposes (ECF No. 48) is granted in part to the extent that plaintiff is GRANTED an extension of time of 30 days from the day of service of this order to respond to the discovery defendant served on May 23, 2024, and CAUTIONED that any further request for extension of time for this purpose will require a detailed showing of good cause and plaintiff's diligence.
2. Defendant's motion to compel (ECF No. 49) is DENIED without prejudice.
3. On the court's own motion, the court modifies the case schedule as follows: the time for the parties to complete discovery is extended until 60 days following the deadline for plaintiff's responses, and the dispositive motion deadline is extended to 120 days after deadline for plaintiff's responses.

DATED: November 7, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE